CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 0 4 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| WILSON H. MANUEL, JR., | ) | CASE NO. 5:04CV000111 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | By:  B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's

June 12, 2003 claim for a period of disability, disability insurance and supplemental security

income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and

1381 *et seq*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the

presiding District Judge a report setting forth findings, conclusions and recommendations for the

disposition of the case.  The question presented is whether the Commissioner's final decision is

supported by substantial evidence, or whether there is good cause to remand the case for further

proceedings.  42 U.S.C. § 405(g).  For the reasons that follow, the undersigned will recommend

that an order enter REVERSING the Commissioner's final decision, GRANTING judgment in

favor of the plaintiff and RECOMMITTING the case to the Commissioner to calculate and pay

proper benefits.

1

In a decision eventually adopted as a final agency decision, a Law Judge found that plaintiff, who was 45 years of age with a ninth grade education and with past relevant work as a heavy equipment operator, met the special earnings requirements of the Act on March 15, 2003 the alleged date of disability onset, and continued to meet them through the date of his decision. (R. 14, 18.) He further determined that plaintiff suffered insulin dependent diabetes and degenerative disc disease which were severe impairments, but which were not sufficiently severe to meet or equal any listed impairment. (R. 17, 18.)[1] While the Law Judge was of the view that plaintiff's condition and the effects thereof prevented him from performing his past relevant work as a heavy equipment operator, he concluded that plaintiff retained the ability to perform a "significant" but "narrow" range of light work" which did not require lifting/carrying more than 20 pounds, occasionally, and 10 pounds, repetitively, with a sit/stand option. (R. 17, 19.) By application of the Commissioner's Medical-Vocational Guidelines as to plaintiff's exertional limitations, and by reference to the evidence offered by a vocational expert (VE) in response to rather narrowly tailored hypothetical facts, the Law Judge concluded that there were jobs available which plaintiff could perform, and that he was not disabled under the Act. (R. 30-31.) The Appeals Council denied review, and this action ensued.

In the instant case, plaintiff carried his initial burden in the sequential evaluation process by demonstrating the presence of severe impairments that prevented him from performing his past relevant work. 20 C.F.R. §§ 404.1520 and 416.920; *Hunter v. Sullivan*, 993 F.2d 31 (4th Cir. 1992). Thus, the burden shifted to the Commissioner to demonstrate that alternate gainful activity was available to her, a burden the Commissioner could discharge in this

---

[1]The Law Judge also found plaintiff suffered non-severe depression. (R. 16.)

2

case only by the presentation of vocational evidence because there were non-exertional limitations on plaintiff's ability to perform work-related functions. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen,* 829 F.2d 514 (4th Cir. 1987). Moreover, for the testimony of a VE to be relevant, the VE is required to have considered all the evidence in the record material to plaintiff's limitations and their effects on her work-related capacity. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). Otherwise, the VE's testimony would not be considered sufficient to discharge the Commissioner's sequential burden, and the plaintiff would be entitled to a award of benefits based on her *prima facie* case.

The Commissioner also is charged with making the initial evaluation of the medical evidence, assessing symptoms, signs and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545 and 416.927-945; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). A reviewing court should not second-guess the Commissioner's resolution of those matters, but must determine whether her decision in those respects is supported by substantial evidence in the record as a whole.

It cannot be denied that plaintiff suffers the effects of a herniated disc, increased lipids and insulin-dependent diabetes mellitus, conditions diagnosed by all treating sources in this case. (*See, e.g.*, R. 149, 304-309.) Moreover, there is no question in the undersigned's mind that the entirety of the Law Judge's decision in this case hangs on a single thread, namely his use of a comment in a note dated June 23, 2003 from Laurel D. Tschirgi, M.D., that plaintiff's diabetes was "<u>not</u> contributing to his disability at present" essentially to discredit plaintiff's subjective complaints of pain. Plaintiff contends that the Law Judge failed to go beyond the

3

June 23, 2003 note and assess the combined or synergistic effects of all the plaintiff's maladies set forth in the treating source evidence in arriving at his decision in the case. 20 C.F.R. §§ 404.1522-1523, 404.1527-1529 and 416.922-923, 416.927-929; *Reichenbach v. Heckler*, 808 F. 2d 309 (4th Cir. 1985); *DeLoatch v. Heckler*, 715 F.2d 148 (4th Cir. 1983). For example, plaintiff's treating orthopaedist, who eventually performed a laminectomy, revealed that plaintiff suffered an L5 nerve root radiculopathy which was complicated by his diabetes. (R. 108-109.) Therefore, whether plaintiff's diabetes was disabling, in itself, is not the question and the Law Judge's attempt to narrow the inquiry does fall short of what is required in considering the impact multiple impairments may have on a claimant's ability to work.

Moreover, the evidence submitted after June 23, 2003 uniformly confirms the chronicity and severity of plaintiff's low back pain and the disabling effects of his combined maladies which the Law Judge ignored or rejected in order to have come to the conclusions he did about plaintiff's credibility and his residual functional capacity. (*See* R. 183, 303-304, 308.) The impact on the outcome of the case is quite plain from a vocational standpoint. Had plaintiff's subjective complaints been credited or had the treating source evidence relating the combined effects of plaintiff's impairments been acknowledged as they should have been by the Law Judge, and had either factor been considered by the Commissioner's VE, there would be no jobs available to the plaintiff. (R. 359-362.)

It is the view of the undersigned that the Commissioner's final decision is not supported by substantial evidence in that the Commissioner failed to discharge her burden at the final level of the sequential evaluation by substantial evidence. Accordingly, it is RECOMMENDED that an order enter REVERSING the Commissioner's final decision,

4

GRANTING judgment to the plaintiff and RECOMMITTING the case to the Commissioner for the sole purpose of calculating and paying proper benefits.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED:

U. S. Magistrate Judge

8|4|05
Date

5